**JS-6**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DIXON LEWIS,<br><br>  Petitioner,<br><br>  v.<br><br>TERESA CISNEROS, Warden,<br><br>  Respondent. | Case No. CV 21-3016 CJC (MRW)<br><br>**ORDER DISMISSING SUCCESSIVE HABEAS ACTION** |

   The Court summarily dismisses this action – Petitioner's sixth in this district court – pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

\* \* \*

   1.   Petitioner is a state prisoner. As on previous occasions, he again seeks to challenge the lengthy sentence he received for his 1990 convictions for rape and kidnapping.

   2.   The Court previously dismissed Petitioner's other habeas actions for the following reasons:

      a. dismissed as untimely (<u>Lewis v. Woodward</u>, No. CV 05-3792 CJC (MAN) (C.D. Cal.) (9th Circuit denied certificate of appealability));

      b. dismissed for failure to prosecute (<u>Lewis v. Byrne</u>, No. CV 17-3957 CJC (MRW) (C.D. Cal.) (dismissal affirmed on appeal));

      c. dismissed as successive, untimely, and procedurally barred (<u>Lewis v. Byrne</u>, No. CV 17-6412 CJC (MRW) (C.D. Cal.) (9th Circuit denied certificate of appealability));

      d. dismissed as successive (<u>Lewis v. CRC Warden</u>, No. CV 18-6937 CJC (MRW) (C.D. Cal.)); and

      e. dismissed as successive (<u>Lewis v. Byrne</u>, No. CV 18-8104 CJC (MRW) (C.D. Cal.)).

3. In those previous actions, the assigned magistrate judge explained the prohibition against filing successive habeas cases in federal court without authorization from a federal appellate court under 28 U.S.C. § 2244(b).

4. As in his other federal actions, Petitioner <u>again</u> contends that he was improperly sentenced in the 1990s for his criminal convictions. The current petition was not accompanied by a certificate from the Ninth Circuit authorizing a successive habeas action.

             \* \* \*

5. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order

for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

6. Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

7. A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. Id.; Burton v. Stewart, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing").

8. "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." Brown v. Muniz, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action); Prince v. Lizzaraga, 733 F. App'x 382, 384 (9th Cir. 2018) (prisoner "must first apply to this court for permission to have his petition heard in the district court").

9. A dismissal of a habeas action "for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA," thereby requiring appellate court permission for the new filing. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009); Remsen v. Attorney General, 471 F. App'x 571 (9th Cir. 2012) (same).

* * *

10. Petitioner's current habeas action is subject to summary dismissal. The current petition challenges the same rape sentence that was the subject of

all of his earlier habeas actions. The first action was denied as untimely. (CV 05-3792.) Petitioner's following four habeas actions (CV 17-3957, CV 17-6412, CV 18-6937, CV 18-8104) were dismissed for various procedural reasons, including the successive nature of those actions. Notably, Petitioner failed to obtain permission from the federal appellate court to file any of those subsequent actions in this district court.

11. Those defects make the current action successive, too. McNabb, 576 F.3d at 1030. Petitioner presents no proof that he asked for or received permission from the Ninth Circuit to pursue another successive action. On this basis, the current petition is subject to summary dismissal. 28 U.S.C. § 2244(b); Brown, 889 F.3d at 667; Prince, 733 F. App'x at 384.

* * *

Because the Court does not have jurisdiction to consider Petitioner's claim, the action is DISMISSED without prejudice as successive.

IT IS SO ORDERED.

Dated: April 9, 2021

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE